UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| PEYTON PLA and | } | Case No. |
| DANIEL NELSON | } | |
| PLAINTIFFS | } | |
| | } | COMPLAINT FOR DAMAGES |
| v. | } | 15 U.S.C. § 1692, et seq. |
| | } | Fla. Stat. § 559.55, et seq. |
| CREDIT CONTROL, LLC. | } | |
| DEFENDANT | } | **JURY TRIAL REQUESTED** |

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

1. Plaintiffs PEYTON PLA and DANIEL NELSON, through their attorney, bring this action to challenge the actions of Defendant CREDIT CONTROL, LLC. for unlawful conduct in connection with debt collection activity.

2. The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA") was designed to protect citizens from such abuses perpetrated by debt collectors, like the ones described in this complaint, and to protect citizens like Plaintiffs. "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* at § 1692(a)

3. After the U.S. Congress passed the FDCPA, the Florida state legislature decided it wanted to go even further to protect its citizens from the rampant abuses perpetrated by debt collectors. To this end, the Florida state legislature passed the Florida Consumer Collections Practices Act, Fla. Stat. §§ 559.55-559.785 ("FCCPA"). The FCCPA was designed to protect consumers from harassment like the

type described within this complaint, and to protect consumers like Plaintiffs. "In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail." *Id.* at § 559.552.

4. Plaintiffs make the allegations below on information and belief, with the exception of those allegations that pertain to Plaintiffs' personal knowledge.

## JURISDICTION AND VENUE

5. This action partially arises out of Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S. Code § 1692k, and *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012), and the Florida Consumer Collections Practices Act (FCCPA), over which the U.S. District Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

6. Because Defendant conducts business in the State of Florida and in this District by repeatedly contacting Florida residents and residents of this District while attempting to collect upon consumer debts, personal jurisdiction is established.

7. Because all tortious conduct occurred while Plaintiffs reside in the City of Clearwater, County of Pinellas, and witnesses are located within such location, venue properly lies with this court.

## PARTIES AND DEFINITIONS

8. Plaintiffs are natural persons.

9. Defendant is a "debt collector" as such term is described by the FDCPA 15 U.S.C. § 1692a(6) because Defendant used instrumentalities of commerce within this state and District, the principal purpose of which is the collection of debts. Additionally or alternatively, Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

10. Plaintiff PLA was allegedly obligated to pay a "debt," as such term is described by the FDCPA, 15 U.S.C. § 1692a(5), and the FCCPA, Fla. Stat. § 559.55(6), because Plaintiff PLA was

allegedly obligated to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. Specifically, Plaintiff PLA was allegedly obligated to pay money allegedly owed on a personal credit card.

11. Plaintiff PLA is a "debtor" and "consumer" as those terms are described by the FDCPA, 15 U.S.C. § 1692a(3) because Plaintiff PLA was allegedly obligated to pay a debt. Plaintiff NELSON is a "debtor" and "consumer" as those terms are described by the FDCPA, 15 U.S.C. § 1692a(3) because Plaintiff NELSON was allegedly obligated to pay a debt.

## FACTUAL ALLEGATIONS

12. On multiple occasions before August 16, 2019, Defendant called Plaintiff NELSON to collect on Plaintiff PLA's alleged debt. During at least some of these calls, Plaintiff NELSON incorrectly referred to Plaintiff PLA as his wife. They are not yet married – they are and were engaged.

13. On August 16, 2019, Defendant again called Plaintiff NELSON to collect on Plaintiff PLA's alleged debt. However, on the advice of counsel, Plaintiff NELSON informed Defendant that he is not actually Plaintiff PLA's husband, but instead he is her fiancé, and not to call him anymore. Plaintiff NELSON instructed Defendant to contact Plaintiff PLA, not him, from now on, and provided Defendant with Plaintiff PLA's telephone number.

14. At least three times thereafter, including on August 19, August 26, and September 23, 2019, notwithstanding the phone call described in paragraph 13, above, Defendant further called Plaintiff NELSON to collect on Plaintiff PLA's alleged debt.

15. As of November 12, 2019, as far as Plaintiffs are aware, Defendant has never contacted Plaintiff PLA directly in any capacity – instead choosing solely to contact Plaintiff NELSON notwithstanding the phone call described in paragraph 13, above.

16. Plaintiff PLA does not actually owe the alleged debt at issue.

## FIRST CLAIM FOR RELIEF

**Violation of the FDCPA, 15 U.S.C. § 1692, et seq. as it relates to Plaintiff PLA**

17. Plaintiff PLA repeats, re-alleges, and incorporates by reference paragraphs 1-16, as if fully set forth herein.

18. By communicating with a third party (Plaintiff NELSON) in connection with the collection of Plaintiff PLA's alleged debt, not for the purposes of acquiring location information, and without having been given prior consent by Plaintiff PLA, Defendant has engaged in illegal practices in violation of the FDCPA, 15 U.S.C. §1692c(b).

19. By communicating with a third party (Plaintiff NELSON) in connection with the collection of Plaintiff PLA's alleged debt and falsely representing the character, amount, or legal status of a debt by attempting to collect an amount from Plaintiff PLA that Plaintiff PLA does not actually owe, Defendant has engaged in illegal practices in violation of the FDCPA, 15 U.S.C. § 1692e(2)(A).

20. By communicating with a third party (Plaintiff NELSON) in connection with the collection of Plaintiff PLA's alleged debt that Plaintiff PLA does not actually owe in the manner alleged by Defendant, Defendant has used unfair and unconscionable means to collect or attempt to collect a debt, including the collection of an amount not expressly authorized by an agreement creating the debt or permitted by law, and has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692f(1).

21. The FDCPA provides for actual damages and for statutory damages of $1,000.00 for violation of the statute, 15 U.S.C. § 1692k(a)(1-2).

22. The FDCPA provides for reasonable attorney's fees and costs in any successful action, 15 U.S.C. § 1692k(a)(3).

23. 15 U.S.C. § 1692k(a)(1-2) entitles Plaintiff PLA to actual damages and $1,000.00 in statutory damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692 et seq., and Plaintiff PLA is so entitled.

24. 15 U.S.C. § 1692k(a)(3) entitles Plaintiff PLA to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff PLA is so entitled.

WHEREFORE, Plaintiff PLA respectfully requests that this Court enters judgment against Defendant and provides Plaintiff PLA with the following relief:

(a) Actual damages in the maximum amount the court deems proper and may provide.

(b) Statutory damages in the amount of $1,000.00;

(c) Reasonable attorney's fees and costs;

(d) And any other relief as the court deems proper and may provide.

Plaintiff PLA requests a jury for all claims so triable.

## SECOND CLAIM FOR RELIEF

**Violation of the FDCPA, 15 U.S.C. § 1692, et seq. as it relates to Plaintiff NELSON**

25. Plaintiff NELSON repeats, re-alleges, and incorporates by reference paragraphs 1-16, as if fully set forth herein.

26. By communicating with Plaintiff NELSON in connection with the collection of Plaintiff PLA's alleged debt, not for the purposes of acquiring location information, and without having been given prior consent by Plaintiff PLA, Defendant has engaged in illegal practices in violation of the FDCPA, 15 U.S.C. §1692e(2)(A).

27. By communicating with Plaintiff NELSON in connection with the collection of Plaintiff PLA's alleged debt and falsely representing the character, amount, or legal status of a debt by attempting to collect an amount from Plaintiff PLA that Plaintiff PLA does not actually owe, Defendant has engaged in illegal practices in violation of the FDCPA, 15 U.S.C. § 1692e(2)(A).

28. By communicating with Plaintiff NELSON in connection with the collection of Plaintiff PLA's alleged debt that Plaintiff PLA does not actually owe in the manner alleged by Defendant, Defendant has used unfair and unconscionable means to collect or attempt to collect a debt, including

the collection of an amount not expressly authorized by an agreement creating the debt or permitted by law, and has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692f(1).

29. The FDCPA provides for actual damages and for statutory damages of $1,000.00 for violation of the statute, 15 U.S.C. § 1692k(a)(1-2).

30. The FDCPA provides for reasonable attorney's fees and costs in any successful action, 15 U.S.C. § 1692k(a)(3).

31. 15 U.S.C. § 1692k(a)(1-2) entitles Plaintiff NELSON to actual damages and $1,000.00 in statutory damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692 et seq., and Plaintiff NELSON is so entitled.

32. 15 U.S.C. § 1692k(a)(3) entitles Plaintiff NELSON to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff NELSON is so entitled.

WHEREFORE, Plaintiff NELSON respectfully requests that this Court enters judgment against Defendant and provides Plaintiff NELSON with the following relief:

(a) Actual damages in the maximum amount the court deems proper and may provide.

(b) Statutory damages in the amount of $1,000.00;

(c) Reasonable attorney's fees and costs;

(d) And any other relief as the court deems proper and may provide.

Plaintiff NELSON requests a jury for all claims so triable.

### THIRD CLAIM FOR RELIEF

**Violations of the FCCPA, Fla. Stat. § 559.55, et seq. as it relates to Plaintiff PLA**

33. Plaintiff PLA repeats, re-alleges, and incorporates by reference paragraphs 1-16, as if fully set forth herein.

34. By communicating with a third party (Plaintiff NELSON) in connection with the collection of Plaintiff PLA's alleged debt and disclosing to a person other than the alleged debtor (Plaintiff PLA)

or her family information affecting her reputation with knowledge or reason to know that Plaintiff NELSON does not have a legitimate business need for the information, Defendant has engaged in illegal practices in violation of the FCCPA, Fla. Stat. § 559.72(5).

35. By communicating with a third party (Plaintiff NELSON) in connection with the collection of Plaintiff PLA's alleged debt in the manner alleged by Defendant while having actual knowledge that Plaintiff PLA does not actually owe said alleged debt, Defendant claimed, attempted, or threatened to enforce a debt when Defendant knew such debt was not legitimate, and has engaged in illegal practices under the FCCPA, Fla. Stat. § 559.72(9).

36. By willfully violating the FDCPA in any of the manners described in paragraphs 18-20, above, Defendant willfully engaged in conduct which can reasonably be expected to abuse or harass Plaintiff PLA, and therefore, Defendant engaged in illegal practices under the FCCPA, Fla. Stat. § 559.72(7).

37. By violating the FCCPA in any of the manners described in paragraphs 34-36, above, Defendant had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage. Additionally or alternatively, in violating the FCCPA in any of the manners described in paragraphs 34-36, above, Defendant was so reckless or wanting in care that it constituted a conscious disregard or indifference to Plaintiff PLA's rights, who was exposed to Defendant's conduct.

38. In violating the FCCPA in any of the manners described in paragraphs 34-36, above, Defendant employed employees who had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage. Additionally or alternatively, in violating the FCCPA in any of the manners described in paragraphs 34-36, above,

Defendant employed employees who were so reckless or wanting in care that it constituted a conscious disregard or indifference to Plaintiff PLA's rights, who was exposed to Defendant's conduct.

39. By violating the FCCPA in any of the manners described in paragraphs 34-36, above, Defendant actively and knowingly participated in the intentional misconduct or gross negligence described in paragraph 38, above. Additionally or alternatively, by violating the FCCPA in any of the manners described in paragraphs 34-36, above, Defendant's officers, directors, or managers knowingly condoned, ratified, or consented to the intentional misconduct or gross negligence described in paragraph 38, above. Additionally or alternatively, by violating the FCCPA in any of the manners described in paragraphs 34-36, above, and specifically in the manner described in paragraph 37, above, Defendant engaged in conduct constituting gross negligence which contributed to the losses felt by Plaintiff PLA.

40. The FCCPA provides for actual damages and statutory damages of $1,000.00 for violation of the statute, Fla. Stat. § 559.77(2).

41. The FCCPA provides for reasonable attorney's fees and costs in any successful action, Fla. Stat. § 559.77(2).

42. The FCCPA provides for a court to impose punitive damages and such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part, Fla. Stat. § 559.77(2).

43. Fla. Stat. § 559.77(2) entitles Plaintiff PLA to actual damages and $1,000.00 in statutory damages for Defendant's violations of the FCCPA, Fla. Stat. § 559.72, et seq., and Plaintiff PLA is so entitled.

44. Fla. Stat. § 559.77(2) entitles Plaintiff PLA to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff PLA is so entitled.

WHEREFORE, Plaintiff PLA respectfully requests that this Court enters judgment against Defendant and provides Plaintiff PLA with the following relief:

(a) Actual damages in the maximum amount the court deems proper and may provide.

(b) Statutory damages in the amount of $1,000.00;

(c) Reasonable attorney's fees and costs;

(d) Punitive damages in the maximum amount the court deems proper and may provide;

(e) And any other relief as the court deems proper and may provide.

Plaintiff PLA requests a jury for all claims so triable.

Respectfully submitted this 24th day of January, 2020,

By Plaintiff's attorney: /s/ Nicholas Michael Murado
Nicholas Michael Murado
Florida Bar # 102769
Murado Law, P.A.
2010 S.W. 99th Avenue
Miramar, Florida, 33025
Telephone: 754-816-2196
E-mail: muradolaw@gmail.com